UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LORI MOORE,

              CASE NO.:

  Plaintiff,

v.

ENGINEERED COOLING SERVICES, INC.,
a foreign corporation,

  Defendant.

                 /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LORI MOORE ("Ms. Moore" or "Plaintiff") files this Complaint against Defendant, ENGINEERED COOLING SERVICES, INC., ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Escambia County, Florida.

5.      At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.      Ms. Moore worked as a Customer Service Representative for Defendant from November 30, 2015, until her termination on January 8, 2018.

8.      In all respects, Ms. Moore was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9.      Ms. Moore suffers from an autoimmune disorder, a serious health condition defined by the FMLA.

10.     On or around August 23, 2017, Ms. Moore informed Defendant of her serious health condition as defined by the FMLA.

11.     On or around September 9, 2017, Ms. Moore timely provided certification from her treating physician, Rachel Brown, M.D., and was subsequently approved for intermittent FMLA leave.

12.     Ms. Moore began using FMLA leave as needed, but at no point did Ms. Moore exhaust her allotted FMLA entitlement.

13.     On or around October 25, 2017, Ms. Moore informed Defendant's Quality Control Manager, Stacey Brock ("Ms. Brock"), that she needed to take FMLA leave because she was suffering from complications and illness due to her compromised immune system caused by her serious health condition.

14.     In response, Ms. Brock informed Ms. Moore that, "…this would not be considered FMLA."

15.     Ms. Moore's absence, which should have been protected FMLA, was used against her.

16.     As a result of the foregoing, Defendant interfered with Ms. Moore's FMLA rights.

17.     On January 8, 2018, Defendant abruptly terminated Ms. Moore for "excessive absences."

18.     Such absences were attributed in part to Ms. Moore's use of what should have been protected FMLA leave.

19.     Ms. Moore did not have any write ups or significant disciplinary record prior to her termination.

20.     The timing of Plaintiff's termination, after her continued use of intermittent FMLA leave, along with the explanation offered for her termination, demonstrates that Defendant interfered with and retaliated against Ms. Moore for exercising her FMLA rights.

21.     Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendant's actions likewise constitute FMLA retaliation.

22.     Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

23.     The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

24.     As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

25.     Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

26.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27.     At all times relevant hereto, Plaintiff was protected by the FMLA.

28.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

29.     At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

30.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

31.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

32.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

33.    At all times relevant hereto, Plaintiff was protected by the FMLA.

34.    At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

35.    At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave.

36.    Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

37.    As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 30th day of December 2019.

Respectfully Submitted,

By:/s *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*